### Application of FOLTZ.

(Court of Appeals of District of Columbia. Submitted January 13, 1927. Decided February 7, 1927.)

No. 1905.

Patents &#8658;26(4)—Combination air-heating appliance for stoves and furnaces held to produce new result and disclose invention.

Combination air-heating appliance for stoves and furnaces, designed to deliver a secondary supply of air to or above the body of the fuel, *held* to produce new result and to disclose invention.

Appeal from Commissioner of Patents.

In the matter of the application of Ira W. Foltz for patent. From a decision of the Commissioner of Patents, denying his application, applicant appeals. Reversed.

C. J. O'Neill, of Washington, D. C., and C. T. Brown, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing to allow any of the claims of an application for patent.

The invention relates to an air-heating appliance for stoves and furnaces, and is designed to deliver a secondary supply of air to or above the body of the fuel. It comprises an air drum surrounding the outlet flue of the furnace and a supply conduit connecting the drum with the ashpit, while the delivery conduit of the air-heating drum enters the furnace and terminates in a plurality of branch conduits having outlets near or slightly above the fuel level. There are three claims, but claim 1 is sufficiently illustrative of the invention and reads as follows:

"1. The combination with a furnace structure providing a fire box, an ashpit having an air inlet and an outlet, a grate, an outlet flue exterior to said furnace for carrying therefrom the products of combustion, of an air-heating drum surrounding said outlet flue exterior to said furnace, an air-supply conduit connecting said air-heating drum with the said air outlet in said ashpit for conveying air from said ashpit to said air-heating drum, and an air delivery conduit for conveying air from said air-heating drum to said fire box, which said air-supply conduit, together with said air-heating drum and said air-delivery conduit, form one continuous air conduit exterior to said furnace having an inlet in the ashpit and having an outlet in the fire box."

The principal references upon which these claims were rejected are the prior patent to Foltz (applicant here), No. 1,322,183, November 18, 1919, to Babbitt, No. 172,368, January 18, 1876, and to Eynon, No. 569,329, October 13, 1896.

It is conceded that applicant's prior patent does not show a drum "exterior to the furnace," for the purpose of heating the air conduits. In other words, the means in the prior patent for preheating the air are not positioned outside the furnace, and therefore do not utilize the waste products of combustion, but, on the contrary, to some extent, at least, diminish the heat of the furnace. The present application, we think, discloses a new and patentable combination, unless anticipated by the patents to Eynon and Babbitt.

The Babbitt patent, granted more than half a century ago, is an improvement in a locomotive engine. The flow of air is forced by the motion of the engine and contrary to gravity. This structure bears little or no resemblance to the device of the application. In the Eynon patent, granted some 20 years later than, and notwithstanding, the Babbitt patent, the air is forced in the inlet pipe by a fan and induced to flow into and downward through the heating unit by a steam jet blow-er. This steam jet is an element in all the claims of the patent, and indicates that it then was considered as invention to substitute a steam jet with associated parts to induce the downward flow of air through the heating drum. Thus in the Babbitt structure the volume and velocity of the air flowing downwardly through the heating drum is controlled by the forward movement of the engine. In the Eynon structure the downward flow of air in the heating drum is controlled by the fan and a steam jet blower, either or both. The flow of air in applicant's drum, it will be observed, is in a direction opposite to that of the prior art, and is not contrary to, but controlled by, gravity. Applicant, therefore, has done more than merely substitute a heating drum of the type of Babbitt and Eynon. He has evolved a system automatic in operation, and containing a heating drum in which a flow of air is obtained without the use of means outside the heating plant. It is not contended by the Patent Office that the heating units disclosed by Babbitt and Eynon could be substituted by the applicant, but that the heating drum in the references could be so substituted.

Considering the age of these references, the very material differences in structure to which we have referred, and the apparent fact that the applicant has evolved a new combination, productive of a substantially new and useful result, we think applicant is entitled to a patent. The decision therefore is reversed.

Reversed.